FILED
SUPERIOR COURT
OF GUAM

2021 APR 16 PM 12: 19

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM ) | **Criminal Case No. CF0124-20** |
| ) | GPD Report No.: 20-05303 |
| vs. ) | |
| ) | |
| SAHN JOHNNY ) | |
| aka SAHN LONELY JOHNNY ) | |
| DOB: 01/19/1989 ) | **DECISION AND ORDER RE.** |
| ) | **MOTION TO DISMISS INDICTMENT** |
| ROY ANTHONY JOHNNY ) | |
| DOB: 12/26/1990 ) | |
| ) | |
| ADVENTUS CHRIS DOIS ) | |
| DOB: 12/08/1998 ) | |
| ) | |
| HAGGAI DOIS ) | |
| DOB: 06/22/1996, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **INTRODUCTION**

This matter came before the Honorable Maria T. Cenzon upon submission of Defendants Sahn Johnny ("Sahn"), Roy Anthony Johnny ("Roy"), Adventus Dois ("Adventus"), and Haggai Dois's ("Haggai")(collectively, "Defendants") joint Motion to Dismiss the Indictment. Assistant Attorney General Rolland Wimberley responded on behalf of the People of Guam ("the People"), filing the People's Opposition to Defendant's Motion to Dismiss the Indictment.[1]

---

[1] The Court is compelled to admonish Assistant Attorney General Wimberly for filing an Opposition with the court that is undeniably a poorly edited submission of a document presumably previously filed in another case and which references another defendant by the name of "Limo." See, *Opp. to Def.'s Mot. to Dismiss the Indictment* at p. 4. The Court reminds counsel of Rule 1.1 of the Guam Rules of Professional Conduct which mandates competent representation to a client, including the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. The People's Opposition was due on September 24, 2020, and even with the tolling of time attributable to the various Guam Supreme Court Administrative Orders issued in response to the COVID-19

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 1 of 12*

During the motion hearing on January 25, 2021, Chief Prosecutor Basil O'Mallan argued on behalf of the People.

The Defendants are represented by counsel as follows: Public Defender Stephen Hattori represents Sanh, Assistant Alternate Public Defender Brycen Breazeale represents Roy, Attorney Terry Timblin represents Adventus, and Attorney Gloria Rudolph represents Haggai. Having duly considered the written briefs and the record filed with the Court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the Court **DENIES** Defendants' Motion to Dismiss the Indictment and **ORDERS** the People to furnish a Bill of Particulars specifying the felony or misdemeanor offense(s) which Defendants are alleged to have committed or facilitated as it relates to the Rioting charge.

## PROCEDURAL HISTORY

Defendants were indicted on February 27, 2020, on two (2) counts of Aggravated Assault (As a Third Degree Felony)(Defendant Sahn Johnny only); Rioting (As A Third Degree Felony)(all Defendants); Disorderly Conduct (As a Petty Misdemeanor)(all Defendants); and Public Drunkenness (As a Violation)(all Defendants). The charges against the Defendants stem from an incident occurring on or about February 20, 2020, behind Kmart at the West Harmon Industrial Park in Tamuning, Guam. *Decl. of Steven J. Haderlie in Support of Mag. Compl.* (Feb. 21, 2020)(*Haderlie Decl.*). Police responding to a report of a disturbance in that location "found about 20 people outside yelling at each other, most appearing intoxicated, and the people failed to calm down or cease yelling upon police request." *Haderlie Decl.* Defendant Sahn is alleged to have picked up a pipe and struck Maris Sos on the head with it. *Id.* Defendant Sahn is also

---

pandemic, would have been due no later than October 19, 2020. It was not filed until November 5, 2020 and only after the Court ordered the Government to respond by November 6, and any Defendants' reply to the Opposition by November 13. Defendant Adventus filed his Reply on November 14, and the Court exercised its discretion to permit the late filing under the circumstances.

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 2 of 12*

alleged to have thrown a rock into the face of Defendant Adventus, resulting in the charge against him for Aggravated Assault (as a Third Degree Felony). *Id.; Indictment, First Charge, Count Two* (Feb. 27, 2020). Defendant Adventus and Defendant Haggai purportedly ignored police instructions to calm down and continued to yell expletives and challenge Defendant Sahn and others in the group, including Defendant Roy, to fight. Defendant Roy is alleged to have engaged in fighting with Defedants Haggai and Adventus and to have hit victim Sos. According to Defendant Sahn, more than ten (10) people were involved in the altercation. *Id.*

Defendant Roy filed a Motion to Dismiss the Indictment ("Motion") on September 20, 2020, arguing that (1) the People cannot prove and have not sufficiently alleged that he participated "with four or more others in a course of disorderly conduct," and (2) the Indictment lacks particularity because it does not specify which felony or misdemeanor he allegedly intended to commit "in a course of disorderly conduct." *Mot.* at p. 3. (Sept. 10, 2020). Defendants Adventus, Haggai and Sahn joined in the Motion on October 13, 2020 and October 30, 2020, respectively.

The People oppose the Motion, arguing that (1) Guam law does not permit Defendants to re-assess the grand jury's determination of probable cause prior to trial; (2) the Court lacks authority to dismiss the Indictment for insufficient evidence; and (3) if the Indictment lacks particularity, the appropriate remedy is to order a bill of particulars, not to dismiss the Indictment. *Opp'n* (Nov. 5, 2020).[3]

Defendant Adventus Dois filed his Reply to the People's Opposition on January 14, 2021, arguing that the Indictment does not specify the requisite intent of the charge in question

---

[3] A single phrase nestled into the Defendants' motion claims that the element of the number of participants "was not presented to the grand jury." This contention is without factual or legal basis and the Court considers Defendants' motion to be based solely upon the sufficiency of the pleading rather than on whether the grand jury's probable cause determination was based upon sufficient competent evidence. However, to the extent that it was mentioned, albeit without support, the Court discusses any grand jury determination in Section B, below.

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 3 of 12*

and moved for a bill of particulars. *Reply* (January 14, 2021). No other Defendant filed a Reply, including the original movant Defendant Roy. A hearing on the motion was held on January 15, 2021, and the Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam.

## DISCUSSION

**I.    Motion to Dismiss Due To Allegedly Defective Indictment.**

All of the Defendants have been charged with Rioting (As a Third Degree Felony) pursuant to 9 GCA Section 61.10(a)(1), with the following language in the Indictment:

> On or about the 20[th] day of February 2020, in Guam, [DEFENDANT], did commit the offense of Rioting (As a Third Degree Felony), in that they did knowingly participate with four or more others in a course of disorderly conduct, with intent to commit or facilitate the commission of a felony or misdemeanor, in violation of 9 GCA §§ 60.10(a)(1).

9 GCA § 61.10(a)(1) provides as follows:

> (a) A person is guilty of riot, a felony of the third degree, if he *participates with four (4) or more others* in a course of disorderly conduct:
>
>      (1) with intent to commit or facilitate the commission of a felony or misdemeanor;
>      (2) with intent to prevent or coerce official action; or
>      (3) when he or any other participant to his knowledge uses or plans to use a firearm or other deadly weapon.
>
> (b) Where four (4) or more persons are participating in a course of disorderly conduct likely to cause substantial harm or serious inconvenience, annoyance or alarm, a peace officer or other public servant engaged in executing or enforcing the law may order the participants and others in the immediate vicinity to disperse. A person who refuses or knowingly fails to obey such an order commits a misdemeanor.

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 4 of 12*

(emphasis added). This provision of law appears to be derived from various statutes,[4] including the Model Penal Code Section 250.1 ("Riot; Failure to Disperse."), containing the following language which has been largely adopted by the Guam legislature:

> (1) Riot. A person is guilty of riot, a felony of the third degree, if he *participates with [two] or more others* in a course of disorderly conduct:
>
> (a) with purpose to commit or facilitate the commission of a felony or misdemeanor;
> (b) with purpose to prevent or coerce official action; or
> (c) when the actor or any other participant to the knowledge of the actor uses or plans to use a firearm or other deadly weapon.
>
> (2) Failure of Disorderly Persons to Disperse upon Official Order. Where *[three] or more persons* are participating in a course of disorderly conduct likely to cause substantial harm or serious inconvenience, annoyance or alarm, a peace officer or other public servant engaged in executing or enforcing the law may order the participants and others in the immediate vicinity to disperse. A person who refuses or knowingly fails to obey such an order commits a misdemeanor.

Model Penal Code § 250.1 (emphasis added).

Defendants collectively argue for dismissal on two salient points:

(1) The Indictment fails because the allegations do not meet the statutory requirement for the number of participants to a riot. Defendants contend that the statute requires "four or more others" *in addition to* the Defendant in order to meet the statutory number. Because the Indictment only names three co-actors, "three is less than four;" therefore, the Indictment should be dismissed because the People cannot prove that each Defendant engaged in disorderly conduct with "four or more others" – an essential element of the charge of Rioting.[5] *Mot.* at p. 3.

(2) The Indictment is defective because it fails to allege what particular felony or misdemeanor the Defendants intended to commit while engaged in disorderly conduct. As such,

---

[4] See, 9 GCA § 61.10 listing "Source" as G.P.C. §§ 404, 405, 409, 416, See also §§ 406, 408; *M.P.C. § 250.1; Cal. §§ 260, 1205, 1215 (1971); Mass. ch. 269, §§ 1, 2; N.J. § 2C:33–1, 2C:33–2. Updated Through P.L. 35–071 (February 13, 2020).
[5] Referring to the Second, Third, Fourth, and Fifth charge in the *Indictment*. (February 27, 2020).

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 5 of 12*

the Defendants, and each of them, are not on notice as to the charges against which he is defending himself. *Mot.* at 3.

In response, the People contend that the Court has no authority to re-assess a probable cause determination made by the grand jury prior to trial, *Opp'n* at p. 3, 5, nor does the Court have authority to dismiss an indictment for insufficient evidence. The People's response misapprehends the arguments advanced by the Defendants who are not seeking a dismissal based upon a grand jury determination of probable cause, but rather upon a failure of the charging document to satisfy the statutory requirements of 9 GCA § 61.10 on its face. With respect to the Defendants' contention that the Indictment lacks particularity sufficient to place them on notice of what misdemeanor or felony they intended to commit, the People reply summarily that "the charges [in the Indictment] tracks the language of the statutes and unambiguously sets forth the elements of the offense." *Opp.* at p. 6. The People proffer that the Indictment advises the Defendants of the date (February 20, 2020), the Declaration to the Magistrate's Complaint "clearly states the facts that support the charges against the Defendant," and that the Defendants have the grand jury disk and police reports. As such, "there is no danger of surprise at trial and no danger of double jeopardy... ." *Opp.* at p. 7.

**A. The Indictment is not defective because the statute only requires four or more other "participants," not four or more other "defendants."**

The Rioting statute states in relevant part that "a person is guilty of riot, a felony in the third degree, *if he participates with four (4) or more others* in the course of *disorderly conduct* with intent to commit or facilitate the commission of a felony or misdemeanor ...." 9 G.C.A §61.10(a)(1)*(emphasis added)*. "Participant" is not defined in the *Rioting* law, but in the ordinary use of the word, it is defined in *Merriam-Webster* as "to take part" or "to have a part or share in

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 6 of 12*

something."[6] Thus, applying the ordinary and everyday meaning of the word, the statute only requires that defendant "take part" with four or more others in the course of disorderly conduct, i.e., fighting, threatening or violent or tumultuous behavior, or abusive language to anyone present or creating a hazardous or physically offensive condition by any act which serves no legitimate purpose of the defendant. This is established by the Declaration to the Magistrate's Complaint as follows:

> On or about February 20, 2020 at 2:56 p.m., police responded to a report of a disturbance behind Kmart at West Harmon Industrial Park in Tamuning. When police arrived, they found about 20 people outside yelling at each other, most appearing intoxicated, and the people failed to calm down or cease yelling upon police request. \*\*\* Police asked Defendant Sahn how he got the abrasions and scrapes on his knees and feet, and he said that he and Defendant Roy fought Defendants Adventus and Haggai *and several others. . . . He did not remember who started the fight and they were all fighting amongst each other. . . . He didn't know everyone's identity but he stated *there were more than ten.* \*\*\*

*Haderlie Decl.* (Feb. 21, 2020)(emphasis added).

Defendants' argue that language of "participation" in Section 61.10 requires that there be more than four *Defendants* charged with the offense of rioting. However, this interpretation of the statute stretches the requirements beyond that which is unambiguously required in the law and well beyond the ordinary and everyday use of the word. The Court finds that "participation" in this section does not require that more than four persons involved in the general fracas be charged with disorderly conduct with intent to commit or facilitate the commission of a felony or misdemeanor as provided under Section 61.10, nor have Defendants provided the court with any authority to find otherwise.[7]

---

[6] "participate." *Merriam-Webster Online Dictionary.* 2021. https://www.merriam-webster.com/dictionary/participate (15 Apr 2021).

[7] *See also, State ex rel. Juvenile Dept. of Washington County v. Saechao,* 167 Or.App. 227, 2 P.3d 935 (Or. Ct. App. 2000)(juvenile adjudicated to have committed the offense of rioting appealed, arguing that the state failed to prove that he participated in the group fight. In rejecting this argument, the Oregon appellate court found that the victim who fought to defend himself was therefore also engaged in the tumultuous conduct within the meaning of Oregon's rioting statute thus satisfying the statutory requirement that a defendant "participate with five or more other persons ... in tumultuous and violent conduct" in order to constitute the offense of rioting); *Campbell v. City of Birmingham,*

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 7 of 12*

## B.  Grand jury determination shall go undisturbed.

Although Defendant Roy complains that the element of participation with "four or more others" was not presented to the grand jury, the Court need to engage in a detailed examination of this argument. The Defendants have not proffered any support for this proposition nor will the court engage in any examination of the grand jury's determination of probable cause.[9]

### C.  The Indictment charging the offense of Rioting is defective as to Defendants Roy, Adventus and Haggai, but not as to Defendant Sahn.

An indictment is an accusation in writing, presented by the grand jury to a competent court, charging a person with a felony, or a felony and a related misdemeanor. 8 GCA § 50.54; *People of Guam v. San Nicolas,* 2013 Guam 21 ¶ 11. "The indictment serves two essential purposes: it affirms that the grand jury found probable cause for the charges in the indictment, and it gives the defendant notice of the charges." *Id.* ¶ 12. Guam law requires an indictment to be a plain, concise, and definite written statement of the essential facts constituting the offense charged and signed by the prosecuting attorney. 8 G.C.A § 55.10.

---

405 So.2d 65, 69, 38 A.L.R.4th 638 (Ala. Crim. App. 1981)(appellate court rejected defendant's argument that he did not act with "five or more other persons," as required under the statute, when defendant and two others were arrested for rioting, finding that three or more others not charged in the melee contributed to the riot by encouraging, inciting, promoting or taking part in the riot and finding as follows:

> One may engage in violent and tumultuous conduct by knowingly and intentionally aiding or encouraging it 'by acts, gestures or words.' Any conduct which tends to enlarge and perpetrate the atmosphere of violence and tumult, if done intentionally or recklessly, falls within the purview of the section since riot 'is a phenomenon which feeds on itself and for which the cooling influence is the cessation of activity which tempts others to swell to the throng and to engage in similar acts.' *United States v. Matthews,* supra (419 F.2d 1177 (D.C.Cir.1969)). Therefore one who considers he is merely an innocent bystander 'enjoying the show' falls within the statute if he intentionally refuses or fails to disperse from the disturbance upon lawful order of the police or other legally constituted officials. His physical presence may add fire to the fuel just as one who 'eggs' another on, even though he is not actually participating in an overt act of violence.

[9] An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial on the charge on the merits. The Fifth amendment requires nothing more." *Costello v. United States,* 350 U.S. 359, 363. "No case has been cited, nor have we been able to find any, furnishing an authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded on sufficient proof..." Id. at 363-64 (citation omitted).

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 8 of 12*

An indictment is sufficient when it apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense. *People v. Torres*, 2014 Guam 8 ¶ 20 (quoting *People v. Jones*, 2006 Guam 13 ¶12). An indictment which tracks the words of the statute charging the offense is sufficient if the words unambiguously set forth all the elements of the offense. *People v. Quenga*, 2015 Guam 39 ¶ 58 (citing *Torres, supra*). On the other hand, an indictment is insufficient if it does not apprise the defendant "with reasonable certainty, of the nature of the accusation against him." *Russell v. United States*, 369 U.S. 749, 765 (1962). The Supreme Court of Guam similarly held that an indictment is insufficient where it "uses the generic expression set forth in the statute without specifying which of a variety of activities, any one of which would be criminal, that the defendant must defend against or which the grand jury considered." *Torres* ¶ 31. An indictment is read in its entirety and construed with common sense. *Id.* ¶ 20 (citation omitted).

In *People v. Quenga,* the Defendant complained that the Indictment charging him with kidnapping was defective because the kidnapping charges failed to specify which felony was being facilitated by the alleged unlawful confinement. *Quenga* ¶ 58. An essential element of kidnapping is that the victim be unlawfully confined for the purpose of facilitating the commission of a felony. *Id.* ¶ 59, citing 9 GCA § 22.20(a)(2)(2005). The gravamen of Defendant's complaint was that the indictment stated that Quenga unlawfully confined another "for the purpose of facilitating the commission of a felony," but did not specify the felony which was supposedly being facilitated. *Id.* In ruling that the Indictment was not defective, the Guam Supreme Court found that Quenga had been charged in the subject indictment with multiple felonies that were facilitated by the kidnapping, including felonious restraint, compelling prostitution and promoting prostitution, and, therefore, "to conclude that Quenga was not

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 9 of 12*

provided with adequate notice of the charges against him would require an overly narrow reading of the indictment that departs from common sense." *Id.* ¶ 60.

In this case, all Defendants are identically charged as with Rioting as follows:

> On or about the 20th day of February 2020, in Guam, SAHN JOHNNY aka Sahn Lonely Johnny [OTHER DEFENDANTS], did commit the offense of Rioting (As a Third Degree Felony), in that they did knowingly participate with four or more others in a course of disorderly conduct, with intent to commit or facilitate the commission of a felony or misdemeanor, in violation of 9 GCA §§ 60.10(a)(1).

*Indictment, Second, Third, Fourth and Fifth Charge.* The Indictment additionally charges Defendant Sahn with two counts of Aggravated Assault (As a Third Degree Felony). Applying *Quenga,* the charge of Rioting, when read together with the two counts of Aggravated Assault (as a Third Degree Felony) filed against him in the First Charge, sufficiently apprises Defendant Sahn of the charges against him. Consequently, the court finds that the Indictment gives Defendant Sahn adequate notice of the charges against him. Dismissal of the Indictment against Defendant Sahn is, therefore, unsupported by law.

The same cannot be said, however, of the charges against Defendants Roy (the original Movant), Adventus and Haggai, all of whom have joined in the Motion. The remaining defendants are not charged with either a misdemeanor or a felony. The Sixth Charge against all defendants is Disorderly Conduct (as a Petty Misdemeanor) and the Seventh Charge is for Public Drunkenness (as a Violation). As such, the Indictment fails to give adequate notice to these defendants of what *felony* or *misdemeanor* they intended to commit or facilitate "when they did knowingly participate with four or more others in a course of disorderly conduct."[10] Because the

---

[10] In *Quenga,* the Guam Supreme Court specifically passed upon the question that is presented in the instant case: whether an indictment that charges a defendant with the specific crime alone, without also charging the underlying offense, is insufficient. *Quenga* ¶ 60 ("We need not decide whether an indictment that charges kidnapping alone requires specificity as to the alleged felony being facilitated, because, in this case, Quenga was charged with committing multiple felonies that were facilitated by the kidnapping: Felonious restraint, compelling prostitution and promoting prostitution.")

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 10 of 12*

Indictment is defective as to the remaining defendants on the charge of Rioting, the court now considers whether dismissal, which is a severe remedy, is appropriate.

## D. Any defect in the Indictment may be cured by a Bill of Particulars.

While the People assert that the Indictment is sufficient, they alternatively argue that even if the Indictment lacks particularity, a bill of particulars is the appropriate remedy. *Opp'n* at p. 6. Defendant Adventus seeks a Bill of Particulars pursuant to 8 GCA § 55.30, specifying which felony or misdemeanor he is alleged to have intended to be commit or facilitate. *Def. Adventus Reply* at p. 2.[11]

In a case where an indictment fails to sufficiently specify particulars of an offense, the court may on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing the particulars that may be necessary for the preparation of a defense. 8 G.C.A § 55.30. A bill of particulars is designed to apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). "In determining if a bill of particulars should be ordered, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Id.* (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir 1979).

The Court has concluded that the Indictment sufficiently apprises Defendant Sahn of the nature of the rioting charges against him, but it is deficient in providing adequate notice to Defendants Roy, Adventus and Haggai. Because dismissal is a severe remedy to cure such

---

[11] Only Defendant Adventus filed a reply to the People's Opposition in which he seeks a Bill of Particulars identifying what felony or misdemeanor he is alleged to have intended to commit while in the course of disorderly conduct. The Court considers all other defendants to have also joined in this Reply or otherwise have no substantive response to the Opposition.

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 11 of 12*

deficiency, the Court orders the People to furnish a Bill of Particulars specifying the felony or misdemeanor which Defendants allegedly intended to commit or facilitate as it relates to the Rioting charge. The People are further ordered to include Defendant Sahn in its Bill of Particulars, notwithstanding the Court's determination that the Indictment is not deficient with respect to the rioting charge against him.

## CONCLUSION

For the above reasons, the Court **DENIES** Defendants' Motion to Dismiss the Indictment with respect to Defendant Sahn. The Court finds that the Indictment is defective as to the Rioting charges against Defendants Roy, Adventus and Haggai and **ORDERS** the People to furnish a Bill of Particulars specifying the felony or misdemeanor offenses which all Defendants allegedly intended to commit or facilitate as it relates to the Rioting charges within ten (10) days of the issuance of this Decision and Order. Should the People fail to file a Bill of Particulars sufficient to establish the essential element as ordered herein, Defendants may renew their motion to dismiss the Rioting charges.

SO ORDERED this 16th day of April, 2021.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Motion to Dismiss*
*Page 12 of 12*